IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV699

| | | |
|---|---|---|
| RICKY L. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| STEVEN K. MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the Court upon Defendant's Motion for a More Definite Statement pursuant to Rule 12(e). The *pro se* Plaintiff filed his Complaint on October 23, 2012 alleging six causes of action: breach of fiduciary duty, constructive fraud, constructive trust, fraud by omission, common law fraud and unfair and deceptive trade practices. Defendant contends that he is unable to answer the allegations without a more definite statement alleging the specific representation(s) or omission(s) Plaintiff believes supports each type of fraud alleged and when each misrepresentation or omission occurred.

    Any claim for fraud requires a plaintiff to "state with particularity the circumstances constituting fraud . . ." Fed. R. Civ. P. 9(b). A complaint that fails to allege, among other things, "the time, place and contents of the false representations . . ." is not stated with the requisite particularity. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). The Court finds that it would be unreasonable to require the Defendant to respond to Plaintiff's claims for constructive fraud, fraud by omission and common law fraud unless Plaintiff amends his Complaint to set forth for each cause of action a more definite statement alleging the specific representation(s) or omission(s) Plaintiff believes supports each type of fraud alleged and when each misrepresentation or omission occurred. Accordingly,

    IT IS THEREFORE ORDERED that Defendant's motion is hereby GRANTED and Plaintiff shall have ten (10) days to amend his Complaint as described herein.

Signed: February 13, 2013

*/s/ Graham C. Mullen*
Graham C. Mullen
United States District Judge